### 5583.   DUHART v. THE STATE.

There was evidence sufficient to authorize a charge as to the law of man-slaughter, and to warrant a verdict of guilty, and there is no substantial merit in the exceptions to the charge of the court.

DECIDED MAY 14, 1914.

Indictment for murder; from Houston superior court—Judge Mathews.   February 14, 1914.

*M. H. Boyer, J. P. Duncan,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

WADE, J.   Andrew Duhart was charged by the grand jury of Houston county with the murder of Tom Braxton, and at his trial he was convicted of manslaughter.   He filed a motion for a new trial on the statutory grounds, and also on two special grounds added by amendment.   The motion was overruled, and he excepted.

Evidence for the State showed that the deceased and his wife visited a negro church in Houston county on the third Sunday in July, 1912, and remained from 10 or 11 o'clock in the morning until about 3 o'clock in the afternoon of the same day, when the services closed; that they left the church to visit a spring not far distant therefrom, and on the road between the church and the spring, which was thronged with people going to and fro, the deceased was pushed or jostled against the defendant, Andrew Duhart; that thereupon Duhart cursed the deceased repeatedly in the vilest and most vehement manner, and, when the deceased

remonstrated with him, he replied by saying, "Yes, you are a God damn black son of a bitch;" whereupon the deceased caught him by the coat, with the apparent intention of assaulting him; and, when a bystander seized the deceased, the defendant stepped back about four steps, pulled a pistol, and fired three shots at the deceased, from which he died a short time thereafter. There was some evidence for the State that the deceased had a small knife with a pearl handle, about two inches and a half long, with one blade broken off, and one blade remaining, about an inch and a half long; but there was no evidence, except from the defendant's witnesses, that the deceased cut or attempted to cut the defendant with this knife; and the principal witness for the State, who was the wife of the deceased, testified that when the fatal shots were fired, her husband's hands were down at his side, and some one was holding him, while no one was holding the defendant. The testimony shows that two of the three shots fired took effect, and that all three of the shots were fired immediately after the two parties had brushed against each other, and the defendant had cursed the deceased, and the deceased had said, "Andrew, don't curse me, I don't curse any man, and I don't want any man to curse me," and had caught hold of the defendant's coat with a knife, either open or closed, in one hand, and the two had been dragged apart.

There was evidence in behalf of the defendant tending to show that the deceased was not only the aggressor, but was actually endeavoring to take the life of the accused, and was stabbing or cutting the accused with a knife at the time the shots were fired by defendant, but the jury accepted the testimony for the State in preference to that offered in behalf of the defendant, and the only questions for us to consider are whether the evidence sustained a verdict of manslaughter, and whether any error prejudicial to the rights of the defendant was committed by the trial judge. The question has been so often threshed out by the Supreme Court and this court that no good purpose would be subserved by attempting an academic discussion of the law of manslaughter, or any elaboration of the rules intended to govern trial judges in determining how to escape on the one hand the error of omitting to charge the law of manslaughter when applicable, or on the other hand the error of charging it when not applicable. Suffice it to say that the code provides a guide fully as intelligible as any long drawn out

and platitudinous opinion that might be inflicted upon a patient profession. Section 65 of the Penal Code of 1910 declares: "In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. . . The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible." In this case it appears that the deceased technically and actually made an assault upon the defendant when he laid his hands upon his person, or caught hold of his coat in anger and in a threatening manner; and the evidence further discloses, from the interchange of remarks between the two engaged in the fatal affray, and from the fact that one whipped out his open knife and the other his pistol, that there was a mutual intention to combat, which, under rulings too numerous to mention, might reduce a crime from murder to manslaughter.

The defendant excepts, in the first special ground of his motion for a new trial, to the following charge of the court: "I charge you, if, in this case, Tom Braxton made an assault with a knife upon this defendant, Duhart, and desisted, or was held back by a bystander, and if Duhart at the time when there was no necessity for him to do so, except that he might have for the reason of the assault already made upon him with a knife, and acting under the influence of passion, on account of the assault just made upon him with a knife, he shot and killed Tom Braxton, that would make out a case against him of voluntary manslaughter." It is contended that this charge is argumentative and unwarranted by the evidence in the case, and that there was no manslaughter in the case. We think that when taken in connection with the entire charge, the excerpt complained of is not subject to the objection that it states unfairly or in an argumentative way the contentions of the State, and we think that it was amply warranted by the evidence in behalf of the accused, to the effect that the deceased had actually cut and stabbed him before the deadly shots were fired; and under our view of the entire evidence (as stated hereinbefore) the charge on the law of voluntary manslaughter was demanded.

The next ground of the motion for a new trial is practically the same as the preceding ground, and is covered by the rulings thereon.

There was abundant evidence to warrant the verdict found against the defendant; and the charge of the court was fair, and covered the issues in the case in a comprehensive manner.

*Judgment affirmed.*